# AT NISI PRIUS, AT EASTON,

## OCTOBER ASSIZES, 1791.

### CORAM M'KEAN CHIEF JUSTICE, AND YEATES.

# James Clyde *against* John Clyde.

Large damages directed to be given, to compel a defendant to do justice.
Though one cannot claim title to a water-course but by deed, yet in special assumpsit for damages on a breach of promise, it may be proved by oral testimony.
One shall not be a witness to disaffirm his own contract.

SPECIAL assumpsit for the privilege of a water-course through the lands of the defendant.

The case was, Andrew Allen, esq. being seized of five hundred acres of land in Allen township, in 1772, contracted with the plaintiff to convey him one moiety thereof, and agreed that he should have the pre-emption of the remaining moiety within a limited time. The defendant, his brother, and one Hugh Horner afterwards agreed to join with him in the purchase of the whole tract, and they stipulated with each other previously respecting the particular parts each should have; and that as a stream of water ran through the lands, those who possessed the lower places on the stream, should have the privilege of a water-course through the upper places, to convey the water to their respective lands. The purchase was at length completed from Mr. Allen. Horner took the upper place, the defendant the middle tract, and the plaintiff the lower, on the stream. The plaintiff, to suit his brother's convenience, and throw his lands into one compact body, exchanged with him fifty acres of land on the east side of the creek for the same quantity on the west side. In the event, defendant would not comply with his contract in suffering his brother to have a drain through the middle tract, though of little or no injury to himself, but carried the water above
*93]     his division line into the creek, and thereby *prevented the plaintiff from watering eighteen acres of valuable meadow which he possessed below. Repeated references

[Clyde *v.* Clyde.]

were had between the brothers to neighbours, and the defendant always promised to give his brother a right to the water, but when the matter appeared to be concluded between them, he uniformly broke his engagements. There appearing to be much vexation and highly improper conduct on the part of the defendant, and the plaintiff's counsel agreeing to release the damages which might be found for him in case a proper grant of the water-right should be made to him by his brother, agreeably to the original contract, the jury, under the direction of the court, found a verdict for the plaintiff for 500l. damages, to compel his unnatural brother to do him justice.

In the course of the trial Michael Clyde, the father of the parties, was offered as a witness by the plaintiff, to prove the original contract, as to the benefit of the water-course being reserved to the lower tracts of land, but he was objected to by the defendant's counsel, who cited Gilb. Law Evid. 108, that a man cannot claim a title to a water-course but by a deed and under seal. But to this it was answered, and so ruled by the court, that this suit is for damages on a breach of promise, which surely may be proved by oral testimony; and he was sworn accordingly.

Hugh Horner was also offered as a witness by the defendant, to shew that the original contract did not extend so far as was contended for by the plaintiff; but he was objected to because he was brought to invalidate or disaffirm his own contract, which the law will not permit; and his testimony was accordingly overruled by the court. 1 Term. Rep. B. R. 300.

Messrs. Ingersol and Sitgreaves *pro quer.*

Messrs. Read and W. Smith *pro def.*

[See the cases lessee of John Hughes *v.* Henry Dougherty, and lessee of Morgan Sweeney *v.* John Jones, determined at Sunbury October assizes 1791, the reports whereof I have been favoured with by Mr. justice Bradford.]

Referred to in 7 Pa., 366.