Anonymous.

RACROTH et ux. v. The Same.

---

ANONYMOUS. (c)

### Conditional verdict.

Case for obstructing a water-course, by which the plaintiff's meadow was watered. Plaintiff having proved his right to the course, his counsel executed and filed a writing, by which they bound him to release any damages, that the jury might give, if defendant should execute a deed, securing to plaintiff the enjoyment of the water, and the court advised the jury, on this condition, to find the full value of the meadow in damages.

THIS was an action on the case for obstructing a water-course, by which the plaintiff's meadow was watered. On the trial, it appeared, that the defendant had purchased a mill, with notice that the vendor had before sold the meadow in question to the plaintiff, covenanting that the plaintiff might use the water, over and above what was necessary for the mill. The defendant obstructed the water-course; and it seemed to have been his object, by so doing, to compel the plaintiff to sell the meadow to him.

On these facts, THE COURT recommended (with the concurrence of the

---

(c) The name of this case is Walker v. Butz, 1 Yeates 574, which is a better report.

[1] This is not law, at the present day; the remedy is now exclusively in the orphans' court. Ashford v. Ewing, 25 Penn. St. 213.

counsel on both sides) that the defendant should do *an act of justice in securing to the plaintiff, by deed, the enjoyment of the water-course; but he obstinately rejected the proposition. The plaintiff's counsel, thereupon, executed and filed a writing, by which they bound their client to release any damages that the jury might give, in case the defendant should execute such a deed as the court had proposed ; and the court advised the jury, on this condition, to find the full value of the meadow in damages ; which was, accordingly, done. (a)

*Sitgreaves* and *Thomas,* for the plaintiff. *Ingersoll* and *Clymer,* for the defendant. (b)

---

*149]                    *DECEMBER TERM, 1795.

---

(a) In the case of Clyde *v.* Clyde, 1 Yeates 92, which was a special action of *assumpsit* for a privilege of a water-course through the lands of the defendant, large damages were given by the jury, under the direction of the court, to compel the defendant to do justice. See, on the subject of conditional verdicts, Decamp *v.* Feay, 5 S. & R. 323 ; Coolbaugh *v.* Pierce, 8 Id. 418.[2]

(b) Decided before YEATES and SMITH, Justices, at Northampton *nisi prius,* in October 1795. In delivering the charge to the jury, Mr. Justice YEATES referred to a similar case, before the Chief Justice and himself, in which the court had given, and the jury had adopted, the same advice.

[1] s. c. 2 Yeates 62.             [2] And see 1 Tr. & H. Pr. § 53, and notes.